## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOSHUA STRICKLIN                                              PLAINTIFF
ADC #138119

V.                              NO. 5:18CV00093 BSM/JTR

GRIFFIN, Lieutenant; AVERY, Lieutenant;
NAILER, Sergeant; JONES, Sergeant;
WADE, Lieutenant; BASS, Lieutenant;
STARK, Captain; AGNEW, Sergeant;
SMITH, Sergeant; CRAWFORD, Sergeant;
and JAMES, Sergeant,
Cummins Unit, ADC                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent
to Chief United States District Judge Brian S. Miller. You may file written objections
to all or part of this Recommendation. If you do so, those objections must: (1)
specifically explain the factual and/or legal basis for your objection; and (2) be
received by the Clerk of this Court within fourteen (14) days of the date of this
Recommendation. If you do not file objections, Judge Miller can adopt this
Recommendation without independently reviewing all of the evidence in the record.
By not objecting, you may waive the right to appeal questions of fact.

## I.  Introduction

Joshua Stricklin ("Stricklin") is a prisoner at the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and two Amended Complaints alleging that Defendants violated his constitutional rights. *Docs. 3, 6 & 8.* Before Stricklin may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

Stricklin alleges that Defendants: (1) violated his Eighth Amendment rights by depriving him of a mattress from March 23 to April 2, 2018; (2) violated his First Amendment rights by refusing to timely provide him with grievance forms; and (3) violated ADC policy by denying him a mattress and access to the administrative grievance process.

### A.    Violation of ADC Policy

It is well settled that, to state a claim for relief under § 1983, a plaintiff must allege facts showing that defendants deprived him of a right secured by the federal

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a defendant's alleged violation of internal prison rules or procedures, standing alone, is not actionable. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

Accordingly, Stricklin's claim that ADC policies were violated fails to state a viable claim for relief under § 1983.

## B.    Denial of a Mattress

Stricklin alleges that sleeping on a "hard wooden bunk" for ten nights, without a mattress, caused him to suffer: sleep deprivation and insomnia; pain in his shoulders, back, hips, neck, and joints; and "mental chaos and suicidal ideation." *Doc. 3, at 5-7; Doc. 6, at 4-7, 13-14; Doc. 8, at 6-8.* According to Stricklin, he repeatedly complained about the denial of a mattress to each named Defendant, to no avail.[2]

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead

---

[2]Stricklin alleges that he complained about the mattress denial to: (1) Defendant Lt. Griffin on March 23 and 24; (2) Defendant Sgt. Crawford on March 26 and 27; (3) Defendant Sgt. Agnew on March 26, 27 and 28; (4) Defendant Lt. Wade on March 27, 28 and 29; (5) Defendant Sgt. Bobby Jones on March 27, 28, 29 and 30; (6) Defendant Capt. Stark on March 29; (7) Defendant Lt. Avery on March 30; (8) Defendant Sgt. G. Smith on March 30; (9) Defendant Sgt. Nailer on April 1; and (10) Defendants Lt. Bass and Sgt. James on unspecified dates. *Doc. 3, at 5 & 7; Doc. 6, at 5 & 13; Doc. 8, at 6.*

a viable inhumane conditions of confinement claim under the Eighth Amendment, Stricklin must allege facts suggesting that: (1) objectively, he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that the Eighth Amendment "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk"). The length of time that a prisoner is subjected to the allegedly inhumane conditions is a "critical factor" in the Eighth Amendment analysis. *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (stating that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months").

The Eighth Circuit has recognized that, because "sleep is critical to human existence," conditions that prevent sleep may violate the Eighth Amendment. *Walton v. Dawson*, 752 F.3d 1109, 1120 (8th Cir. 2014) (holding that "the Constitution guarantees a minimum right to sleep without legitimate fear of a nighttime assault by another detainee."). Importantly, Stricklin was only required to sleep without a mattress for ten nights, a relatively short period of time in cases regarding sleeping

conditions. *See Alfred v. Bryant,* 378 Fed. Appx. 977, 980 (11th Cir. 2010) (unpub.) ("[S]leeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency."); *Goldman v. Forbus,* 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpub.) (no constitutional violation where detainee slept six nights on the floor next to a toilet); *Ferguson v. Cape Girardeau County,* 88 F.3d 647, 650 (8th Cir. 1996) (no constitutional violation where prisoner was forced to sleep on the floor on a mat, under constant bright lights, for fourteen days, a period of "relative short duration").; *A.L. by L.B. v. Kierst,* 56 F.3d 849, 855 (8th Cir. 1995) (unpub.) (no constitutional violation where juvenile detainee was forced to sleep on a floor mattress for fifteen days, a "relatively short period of time"); *Hamilton v. Mauldin,* No. 14-CV-4033, 2015 WL 898080, at *2 (W.D. Ark. Mar. 3, 2015) ("While Plaintiff may have been uncomfortable without a mattress [for seven or eight nights], this was not a deprivation of any minimal civilized measure of life's necessities."); *Desroche v. Strain,* 507 F. Supp. 2d 571, 579-80 (E.D. La. 2007) (sleeping for ten days on the floor of an unsanitary holding tank, without a mattress, failed to state a constitutional claim); *see also White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (noting the "relative

brevity" of prisoner's eleven-day confinement in an allegedly unsanitary cell and finding no constitutional violation).[3]

Additionally, Stricklin does not allege that he was forced to sleep without *any* bedding or clothing, or that he was exposed to extreme temperatures or unsanitary conditions, all of which are relevant factors in determining whether a prisoner's sleeping arrangements are unconstitutional. *See, e.g., Owens,* 328 F.3d at 1027 (reversing summary judgment for jail officials where detainee slept on a floor mattress next to a toilet for five weeks); *O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets and mattress did not rise to the level of a constitutional violation); *Seltzer-Bey v. Delo,* 66 F.3d 961, 963-64 (8th Cir. 1995) (no constitutional violation where inmate was in strip cell for two days without clothing, bedding, or running water, with a concrete slab for a bed, and cold air blowing on him); *Williams v. Delo,* 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, blanket, running water, and hygiene supplies, was not a constitutional violation).

---

[3]*Cf. Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (reversing summary judgment for jail officials where detainee slept on a floor mattress next to a toilet for five weeks); *Shabazz v. Norris,* No. 2:08cv00200-JMM-JTR, 2010 WL 1980900, at *5 (E.D. Ark. Apr. 21, 2010) (denying a mattress for 37 consecutive days constituted "an objectively serious deprivation"); *see also Obama v. Burl,* 477 Fed. Appx. 409, 411 (8th Cir. 2012) (finding an inmate's allegation "regarding constant lighting" for two months, which "caused inability to sleep, emotional distress, and constant headaches," was sufficient to state an Eighth Amendment claim), *rev'g in part* No. 2:10cv00126-SWW, Docs. 6 & 9 (E.D. Ark. Oct. 15, 2010).

Because ten days without a mattress did not rise to the level of a constitutional violation, the Court recommends that Stricklin's Eighth Amendment claim be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### C.    Denial of Access to Grievances

Stricklin alleges that, by refusing to provide him any grievance forms until the matter was no longer grievable, Defendants "sabotaged" his efforts to file an administrative grievance about the denial of a mattress. According to Stricklin, this violated his First Amendment rights because it prevented him from "exhausting [his] legal remedies." *Doc 3, at 5; Doc. 6, at 6; Doc. 8, at 6-7.*

The Eighth Circuit has held that prisoners do not have a constitutional right to a grievance procedure. *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). Thus, a prison official's failure to process a grievance, without more, is not actionable under § 1983. *Id.; see also Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002).

To the extent that Stricklin alleges a First Amendment claim that he was denied access to the courts, such a claim fails due to lack of an "actual injury." To proceed with an access to the courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (*citing Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual

prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Stricklin's alleged lack of access to the ADC grievance process did not prevent him from initiating this § 1983 lawsuit, nor has it prevented the Court from adjudicating his claims and determining them to be non-meritorious. Because he has not suffered an actual injury as a result of Defendants' alleged failure to process his grievances, Stricklin has failed to state a viable access to the courts claim.

Accordingly, the Court recommends that Stricklin's First Amendment claim be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Stricklin's Complaint and two Amended Complaint (*Docs. 3, 6 & 8*) be DISMISSED, WITHOUT PREJUDICE.

2.      Stricklin's Motion for Summary Judgment (*Doc. 11*) be DENIED as moot.

3.      The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

8

4.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 5th day of October, 2018.

_____

UNITED STATES MAGISTRATE JUDGE